**E-FILED**
Tuesday, 20 April, 2010  04:30:48 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 09-CR-20025 |
| | ) | |
| MICHAEL L. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

This case is before the court for ruling on the Motion to Bar Reference to Defendant's Convictions at Trial (#11) filed by Defendant, Michael L. Campbell. This court has carefully reviewed the arguments presented by the parties. Following this careful and thorough review, Defendant's Motion (#11) is DENIED.

### BACKGROUND

On March 18, 2009, Defendant was charged by indictment (#1) with one count of knowingly and intentionally distributing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count of knowingly and intentionally distributing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant has pleaded not guilty to the charges against him and is scheduled for a jury trial on May 10, 2010. A final pretrial conference is scheduled on April 28, 2010, at 10:30 a.m.

### DEFENDANT'S MOTION

On January 13, 2010, Defendant filed a Motion to Bar Reference to Defendant's Convictions

at Trial (#11).  Defendant asked that, in the event that he testifies at trial, this court bar the Government from making any reference or inquiry regarding any prior convictions of Defendant. On February 2, 2010, the Government filed a Notice of Prior Conviction (#12) which stated that Defendant has one prior conviction, a 1998 Kankakee County conviction of manufacture/delivery of a controlled substance.

On March 8, 2010, the Government filed its Response to Defendant's Motion to Bar Reference to Defendant's Conviction at Trial (#13).  The Government stated that less than 10 years has elapsed since Defendant's prior conviction because he was sentenced in July 1998 and was released from confinement in 2002.  The Government argued that it should be allowed to impeach Defendant with evidence of his prior conviction pursuant to Rule 609(a)(1) of the Federal Rules of Evidence.  The Government also argued that it should be allowed to inquire about the details of this conviction if Defendant attempts to minimize, mischaracterize or explain away the conviction.  This court agrees with the Government.

Rule 609(a)(1) provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed R. Evid. 609(a)(1).  In addition, under Rule 609(b), evidence of a conviction is not admissible for impeachment if a period of more than 10 years has elapsed since the date of the conviction or of the release from confinement imposed for that conviction, whichever is the later date.  See Fed. R. Evid. 609(b); United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005). The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect.  See Gant, 396 F.3d at 909.  The

court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." Gant, 396 F.3d at 909; quoting Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002).  If allowed, the Government can impeach the defendant with the crime charged, the date, and the disposition.  United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006), citing  Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987).  However, where a defendant attempts to explain away the prior conviction by giving his own version of events, he has "opened the door" to impeachment by the prosecution on the details of the prior conviction.  See United States v. White, 222 F.3d 363, 370 (7th Cir. 2000).

In this case, Defendant's prior conviction is less than 10 years old and could be admitted for impeachment purposes under Rule 609(a).  See United States v. Montgomery, 390 F.3d 1013, 1015-16 (7th Cir. 2004).  Following consideration of the relevant factors, this court agrees with the Government that, because a prior felony conviction has impeachment value as to the issue of Defendant's credibility, this evidence should be allowed if Defendant testifies.  This court will therefore allow the Government to present evidence regarding Defendant's 1998 conviction for impeachment purposes.  This testimony will be limited to the crime charged, the date, and the disposition.  This court will provide a limiting instruction to the jury that it should consider the evidence only in assessing Defendant's credibility.  See Federal Criminal Jury Instructions of the Seventh Circuit, No. 3.05.  Any additional evidence regarding this conviction will be allowed only if Defendant opens the door with testimony claiming lack of knowledge or experience with drug offenses.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Bar Reference to Defendant's Convictions at Trial (#11) is DENIED.

(2) This case remains scheduled for a final pretrial conference on April 28, 2010, at 10:30 a.m. and a jury trial on May 10, 2010, at 9:00 a.m.

(3) Defendant's pro se Motion to Continue (#15) remains pending and will be heard at the final pretrial conference on April 28, 2010.

ENTERED this 20th day of April, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE